

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. O-2369
Re: After a felon is placed in jail
in charge of the sheriff does he,
the sheriff, have authority to al-
low the constable, or any other
officer, to have charge of the
prisoner before he has been tried
on the charges for which he was
first placed in jail?

        Your letter of recent date requesting the opinion
of this department on the questions as are herein stated has
been received.

        We quote from your letter as follows:

        "We have an unusual procedure here in regard
to the handling of prisoners in felony cases, I
shall give you an explanation so you may fully
understand the situation.

        "Two men were arrested for robbing a store,
examining trials held here and the prisoners com-
mitted to the sheriff and placed in jail to await
the action of the grand jury, and they were later
indicted by the grand jury. The sheriff allowed
the constable to convey them to Granger for an
examining trial there for robbery, they waived the
examining trial and were brought back and delivered
to the sheriff and placed in jail, the grand jury
also indicted them on the Granger cases.

        "The officers in this precinct had made the
first arrest and filed their claim for the fees
and mileage allowed in felony cases, now the con-
stable in the Granger precinct files his claim for
fees and the mileage in felony arrests, which if

Honorable H. A. Hodges, Page 2

allowed is double mileage for felony arrests.
The defendants being in charge of the Sheriff
(Court) I do not think there is any mileage due
the constable, also that the waiving of the rights
to an examining trial should have been given to
them while in jail by the justice of the peace of
the Granger precinct.

"Under the above facts I submit the following
questions:

"1. After a felon is placed in jail in
charge of the sheriff does he, the sheriff, have
authority to allow the constable, or any other
officer, to have charge of the prisoner before
he has been tried on the charges for which he was
first placed in jail?

"2. If the sheriff is allowed, under the law,
to turn the prisoner over to another officer for
examining trials what mileage, if any, is the offi-
cer allowed for conveying the prisoner (felony) to
the court for trial and what mileage for returning
to jail?

"I am of the opinion that all mileage charges
cease after a prisoner has been committed to jail
and an examining trial has been held, as I see it
he is in the custody of the court and the officers
are not allowed any additional mileage."

Article 1020, Code of Criminal Procedure, reads in
part as follows:

"Sheriffs and Constables serving process and
attending any examining court in the examination
of any felony case, shall be entitled to such fees
as are fixed by law for similar services in mis-
demeanor case in County Court to be paid by the
State, not to exceed Four and No/100 ($4.00) Dol-
lars in any one case, and mileage actually and
necessarily traveled in going to the place of ar-
rest, and for conveying the prisoner or prisoners
to jail as provided in Articles 1029 and 1930, Code
of Criminal Procedure, as the facts may be, but no

Honorable H. A. Hodges, Page 3

mileage whatever shall be paid for summoning or
attaching witnesses in the county where case is
pending. Provided no sheriff or constable shall
receive from the State any additional mileage
for any subsequent arrest of a defendant in the
same case, or in any other case in an examining
court or in any district court based upon the same
charge or upon the same criminal act, or growing
out of the same criminal transaction, whether the
arrest is made with or without a warrant, or be-
fore or after indictment, and in no event shall
he be allowed to duplicate his fees for mileage
for making arrests, with or without warrant, or
when two or more warrants of arrest or capiases
are served or could have been served on the same
defendant on any one day."

The fourth paragraph of said Article 1020, supra,
as amended, provides when the fees provided for shall be
become due and payable. We quote the pertinent language
as follows:

"The fees mentioned in this Article shall
become due and payable only after the indictment
of the defendant for an offense based upon or
growing out of the charge filed in the examining
court and upon an itemized account, sworn to by
the officers claiming such fees, approved by the
judge of the District Court,...."

Article 233, Code of Criminal Procedure, directs the
officer executing a warrant of arrest to take the person
arrested forthwith before the magistrate who issued the war-
rant, or before the magistrate named in the warrant. Chapters
3 and 4, Title 5, Code of Criminal Procedure, provides the
procedure to be followed, following the action directed by
said Article 233. The magistrate shall proceed to hold an
examining trial (Art. 245) or the accused waives same (Art.
299). If an examining trial is held after having the evidence
the magistrate makes the proper order thereon (Art. 261);
if waived, requires bail (Art. 299). He is required to
certify the proceedings to the clerk of the proper court.

This department has heretofore ruled that officers
are entitled to their statutory fees for services actually per-
formed, even though the defendant waives the examining trial.
(Letter opinion, Hon. Everett S. Johnson to Hon. Homer C.
DeWolfe, February 27, 1931, Vol. 319, page 190; Hon. Paul D.
Page, Jr. to Hon. L. Pharr, November 21, 1929, Vol. 308, p. 96;

Honorable H. A. Hodges, Page 4

Hon. Bruce Bryant to Hon. Geo. H. Sheppard, September 9, 1932, Vol. 338, p. 575)

County officials of Williamson are compensated on an annual salary basis and the precinct officers are compensated on a fee basis. Section 17b, Article 3912e, provides in part:

"In counties wherein the county officers named in this Act are compensated on the basis of an annual salary, the State of Texas shall not be charged with and shall not pay any fee or commission to any precinct officer for any services by him performed, but said officer shall be paid by the County out of the Officers' Salary Fund such fees and commissions as would otherwise be paid him by the State for such services."

This statute controls over the language "to be paid by the State" as used in Article 1020, supra. This has been decided by several letter opinions of this department, to which we adhere. (Letter opinion from Hon. Joe J. Alsup to Mr. R. L. Armstrong, March 31, 1937, Vol. 375, p. 834; Hon. H. I. Williford to Hon. Quincey Hawkins, June 24, 1938, Vol. 382, p. 151, and Opinions Nos. O-704, and O-1002)

Under the facts stated in your inquiry, two men were arrested for robbing a store in Williamson County and an examining trial was held and the prisoners committed to the sheriff and placed in jail and they were afterwards indicted by the grand jury. While they were in jail, after being indicted by the grand jury, they were charged with the offense of robbery at Granger, a town in Williamson County, and the sheriff permitted the constable to carry the prisoners to LaGrange for an examining trial, which the defendants waived. As we understand the facts, the two men were charged with the offense of robbery in two separate and distinct cases and an examining trial was held in one and the examining trail was waived by the defendants in the other case.

Ordinarily, the sheriff is the custodian of prisoners confined in the county jail and is responsible for their safe keeping. It is his duty to hold them until a discharge is lawfully ordered unless they have furnished a bail bond as required by law. However, there is no legal inhibition against the sheriff allowing the constable or any other officer who is

authorized by law to have charge of a prisoner for the purpose of appearing in examining courts or to answer other charges in criminal cases, although the case for which the sheriff originally held the prisoners has not been tried or disposed of.

In answer to your second question, you are respectfully advised that under Article 1020, supra, sheriffs and constables serving any process and attending any examining court in the examination of any felony case shall be entitled to such fees as are fixed by law for similar services in misdemeanor cases in county courts, not to exceed $4.00 in any one case, and mileage actually and necessarily traveled in going to the place of arrest and for conveying the prisoner or prisoners to jail as provided in Article 1029 and Article 1030, Code of Criminal Procedure, as the facts may be. Under the particular facts in this specific case, we are of the opinion that the constable is not only entitled to his fees but to mileage actually and necessarily traveled in conveying the prisoners from the jail to the examining court and from the examining court to jail as provided in Article 1029, Code of Criminal Procedure, as the population of Williamson County is over Forty Thousand (40,000) inhabitants.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

APPROVED MAY 25, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY ____
CHAIRMAN